## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| RICHARD WILLIAM JAMES BARROW § § § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| HERCULES TRANSPORT, INC. and § MICHAEL BROUSSARD § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **RICHARD WILLIAM JAMES BARROW,** hereinafter referred to as "Plaintiff" and files this Original Complaint, complaining of **HERCULES TRANSPORT, INC. and MICHAEL BROUSSARD,** hereinafter referred to as "Defendants" and for cause of action would show unto the Court as follows:

1. Plaintiff, **RICHARD WILLIAM JAMES BARROW**, is a resident of Winnie, Chambers County, Texas.

2. Defendant, **HERCULES TRANSPORT, INC.**, is a Louisiana company and may be served through its registered agent for service, to-wit: Thomas O'Neal, 3452 Hwy. 145 N., Choudrant, Louisiana 71227-0356. Defendant, Hercules Transport Inc. is a Louisiana corporation doing business in the State of Texas and has not designated a registered agent in the State of Texas, thus, service or process is being made via the Texas Long Arm Statute through the Texas Secretary of State. Defendant, Hercules Transport, Inc. conducts business in the State of Texas and specifically, Jefferson County, Texas. This suit arises from Defendant's business operations in Jefferson County, Texas where Defendant committed a tort wholly within the State of Texas. Service of process on Defendant, Hercules Transport, Inc., Inc. is proper via the Texas Long Arm Statute and Texas Civil Practice & Remedies Code §17.044(b).

3. Defendant, **MICHAEL BROUSSARD**, is an individual who may be served with citation to wit: 130 S. Horecky St., Church Point, Louisiana 70525.

4. The Court has jurisdiction of this lawsuit pursuant to 28 U.S.C. §1332(a)(l) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 excluding interest and cost.

5. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events and/or omissions giving rise to this claim occurred in this district and division.

6. This is an 18-wheeler, motor vehicle accident case that occurred in Jefferson County, Texas. Plaintiff would show that on or about April 25, 2012, he was the driver of a vehicle that was traveling eastbound on Highway 73 in Jefferson County, Texas. The 18-wheeler driven by Michael Broussard and owned by Hercules Transport, Inc. was on Englin Road, stopped at Highway 73 facing North. Defendant, Michael Broussard attempted to cross the Eastbound lane of Highway 73 to turn left onto the Westbound lane of Highway 73. Defendant, Michael Broussard failed to yield the right of way to Plaintiff, Richard William James Barrow, and pulled out directly in front of Plaintiff's lane of travel. Plaintiff struck the trailer being pulled by Michael Broussard. Said collision was caused by one or more negligent acts and/or omissions on the part of the Defendants, Hercules Transport, Inc. and Michael Broussard.

7. At all times material hereto, Defendant, **MICHAEL BROUSSARD** was acting in the course and scope of his employment with the Defendant, **HERCULES TRANSPORT, INC.** Such being the case, the Defendant, **HERCULES TRANSPORT, INC.** is vicariously liable to Plaintiff for all such acts and omissions of negligence on the part of **MICHAEL BROUSSARD** under the theory of respondent superior.

8. In the alternative, Plaintiff would further show that Defendant, **HERCULES TRANSPORT, INC.,** is vicariously liable as a "motor carrier" and "employer" pursuant to 49 CFR 390.5

and is liable for the acts and/or omissions of **MICHAEL BROUSSARD** an "employee" of Hercules Transport, Inc., as defined by 49 CFR 390.5.

9. In addition, Plaintiff would show that the Defendant, **HERCULES TRANSPORT, INC.** is directly liable to Plaintiff for its own negligence. In particular, such direct liability herein is predicated upon the legal theory of negligent entrustment, negligent hiring and/or qualification of drivers, and/or negligent failure to train, instruct and educate its drivers such as Michael Broussard including but not limited to proper accident avoidance, defensive driving techniques and industry standards or customs relating thereto. Further, Defendant Hercules Transport, Inc., failed to have in place, adequate safety management controls in the form of defensive driving training in compliance with FMCSR §385. Said Defendant is further liable for failing to comply with one or more of the Federal Motor Carrier Safety Acts' (FMCSA) requirement for operators of commercial vehicles; permitting unqualified drivers such as Michael Broussard to operate its trucks; failing to require its drivers like Michael Broussard to maintain log books and to properly audit said books; failing to recognize that the FMCSA applied to its operation; allowing or requiring its drivers to transport loads in excess of maximum weight limits; failing to maintain a driver qualification file on Michael Broussard in violation of FMCSR 391.51; failing to require Department of Transportation prescribed application by Michael Broussard (FMCSR §391.21); failing to conduct background investigations of drivers (FMCSR §391.23); failing to conduct annual reviews of Michael Broussard's driving history or require completion of annual violations statements (FMCSR §391.23 and §391.27); failing to road test and certify Michael Broussard (FMCSR §391.31); failing to provide adequate training to its drivers in order to enable them to safely operate their trucks in compliance with FMCSR 391.11; failure to test employees for drugs and/or alcohol in violation of FMCSR 382 et. seq. Said acts and/or omissions set forth above reflect an attitude of indifference with respect to highway safety on the part of Hercules Transport, Inc., which is negligence, negligence per se, and are a proximate cause of the occurrence and Plaintiffs' damages herein.

10. On the occasion in question, Defendant, **MICHAEL BROUSSARD** was guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

    a. Failure to keep proper lookout as a person of ordinary prudence would have done under the same or similar circumstances;

    b. Failure to yield right of way

    c. Lack of training in accident avoidance and/or defensive driving technique;

    d. Failing to know and/or act in compliance with commercial truck driving accident avoidance and defensive techniques or maneuvers while operating a heavy truck on Texas Highway;

    e. Driver inattention;

11. All of the above acts, wrongs and/or omissions on the part of Defendant, **MICHAEL BROUSSARD,** in addition to other conduct, amounted to negligence, negligence per se and are a proximate cause of the damages suffered to and by Plaintiff herein**.**

12. By reason of the facts hereinabove alleged, Plaintiff has been made to suffer and sustain at the hands of the Defendants damages within the jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial. Plaintiff would show that he asserts claims for actual and recoverable damages as follows:

    a. Physical pain and mental anguish in the past;

    b. Physical pain and mental anguish in the future;

    c. Loss of earning capacity and lost wages in the past;

    d. Loss of earning capacity in the future;

    e. Disfigurement in the past;

    f. Disfigurement in the future;

    g. Physical impairment in the past;

    h.    Physical impairment in the future;

    i.    Medical care expenses in the past;

    j.    Medical care expenses in the future.

13. Plaintiff would show that all conditions precedent to the maintenance of this cause of action have been satisfied.

14. Plaintiff also asserts a claim for prejudgment interest for all elements of damages that such interest is allowed for.

**WHEREFORE**, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

    Respectfully submitted,

    McPHERSON, HUGHES, BRADLEY,
        WIMBERLEY, STEELE & CHATELAIN
    3120 Central Mall Drive
    Port Arthur, Texas 77642
    Phone: (409) 724-6644
    Fax: (409) 724-7585

    By:    */s/ Lance P. Bradley*
           LANCE P. BRADLEY
           State Bar No. 02826650

    ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully requests a jury trial in this cause of action.

*/s/ Lance P. Bradley*
LANCE P. BRADLEY